RICHARD A. LEWIS ET AL. *v.* JANON FISHER ET AL.
[No. 20, January Term, 1938.]

*Decided March 8th, 1938.*

42

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Milton R. Smith* and *Frank B. Ober,* with whom were *Ritchie, Janney, Ober & Williams* on the brief, for the appellants.

*John H. Skeen,* with whom were *George Gump* and *Emory, Beeuwkes, Skeen & Oppenheimer* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The order under review on this appeal provides for compensation to the appellees for their services as members of a committee appointed for the protection of the interests of bondholders of the Tolchester Beach Improvement Company. The present bondholders object to the allowance of any compensation to the committee. In support of the objection it is alleged that the committee acted in disregard of limitations upon its authority and in opposition to the interests of the bondholders. The specific ground of this contention is that the committee, after purchasing the property of the Tolchester Beach Improvement Company at mortgage foreclosure sale, proceeded to resell it without the consent of the bondholders, and then contested their exceptions to a judicial ratification of the resale. That litigation resulted in an

order of the Circuit Court ratifying the resale, but upon appeal to this court the order was reversed. *Lewis v. Fisher*, 172 Md. 201, 191 A. 250. The appellate ruling was that the agreement for the appointment of the committee did not authorize it to make the sales which it had reported. After the case was remanded, a formal plan of reorganization was proposed by the bondholders, approved by the committee, submitted to the court, and eventually made operative. The plan included the following provisions: "All proceedings under this plan shall be subject to the further order of the Circuit Court, and the Committee shall be authorized to do all things and to take all such action, subject to the approval of the Circuit Court, as may be necessary or convenient to carry out the details of the plan herein submitted. The expenses and compensation of the Committee shall be subject to the appoval of the Circuit Court which shall have power to enforce the payment thereof by imposing a lien upon the property or by decree against Tolchester Lines, Inc., or in such manner as may be appropriate."

When the order appealed from was passed on August 4th, 1937, the committee had been serving for a period of two and a half years. Each of the three members of the committee was allowed by the order, in full compensation for his services, the sum of $1,250. In the brief of the appellants there is no suggestion that the work of the committee would not ordinarily be worth the amounts provided by the order, but it is contended that the committee's right to compensation has been wholly forfeited by its effort to sustain, against the desire of a majority of the bondholders, the reported resales of the corporate property in which they were interested.

It is first to be noted that, after the litigation over the resales had been finally terminated, on appeal, in favor of the bondholders, the plan of reorganization proposed by them contemplated, in the provision we have quoted, that the committee would receive such compensation as the Circuit Court should approve. But apart from that

consideration, we have not found in the record a sufficient reason to conclude that the committee should be denied any compensation whatsoever for the long, active, and difficult services which they are proved, without dispute, to have rendered.

The resales which the committee contracted to make, subject to ratification by the court, were for a total amount approximately equal to the face value of the bonds, and largely in excess of their previous market value. Prior to that time various plans of reorganization had been proposed and found unsatisfactory. It appears to have been the honest belief of the committee that the interests of the bondholders would be best served by an advantageous sale of the property by which the bonds were secured. There can be no doubt as to the honesty of their belief as laymen, having the advice of capable counsel, the allowance of whose fee is not questioned, that they were authorized by the terms of the agreement, prescribing their powers and duties, to make the sales to which, when reported, the appellants filed exceptions. In that view they were sustained by the decision of the Circuit Court. When the committee made the sales referred to, the appellants had not yet acquired any right to intervene as exceptants. It was nearly a month after the sales were contracted to be made that the appellants first became interested in the bonds as purchasers of the deposit certificates by which the bonds were represented. At the time of their intervention for the purpose of filing exceptions to the committee's report of sales, they held certificates for only two-thirds of the bond issue. The other bondowners do not appear to have objected to the committee's policy. It was a legitimate question as to whether or not it was the duty of the committee to abide by the contracts of sale notwithstanding the objections which the appellants interposed upon the basis of their subsequently acquired interests. In reporting and defending the sales, under the circumstances, the members of the committee could not be justly held to have committed such a breach of fiduciary duty

as to disentitle them to be paid even for services rendered before the controversy with the new bondholders began and after it had ended. A conclusion to that effect would not be justified by the decision of this court on the former appeal that the authority reposed in the committee was not sufficiently broad and definite to enable it to sell the corporate property which it had validly purchased.

The committee was appointed in February, 1935, shortly after the institution, in the Circuit Court of Baltimore City, of a suit by stockholders for a receivership of the Tolchester Beach Improvement Company, and of a proceeding by the company in the United States District Court for the District of Maryland for the purpose of accomplishing a reorganization under section 77B of the Federal Bankruptcy Act, 11 U. S. C. A. sec. 207. Various plans to reorganize the company were proposed and considered in the course of the ensuing year, but, none having been agreed upon as satisfactory to the committee and the other interests involved, the proceeding in the federal court was dismissed at the end of that period. There was a provision in the agreement under which the committee was acting that its compensation for services on behalf of the bondholders in the proceeding under the Bankruptcy Act should be subject to the approval of the United States District Court. But the purpose of the petition in that court not having been effectuated, and the petition having been dismissed, it was correctly concluded by the chancellor in this case that he was not at liberty to refer to the federal court the question as to the compensation to be allowed the committee for their activity in behalf of the bondholders with respect to that proceeding. The right of the committee, however, to be compensated for its services could not properly be denied because the reorganization petition had been dismissed. It was contemplated by the agreement under which the committee was employed that it should receive reasonable compensation for the performance of all the detailed duties with which it was

charged, and, as already noted, the final plan of reorganization, proposed by the appellants and approved by the committee, submitted the question of their compensation to the Circuit Court for decision.

Independently of any express agreement on the subject, a committee representing bondholders is entitled to reasonable compensation for services rendered in good faith pursuant to such an engagement. *Mills v. Potter,* 189 Mass. 238, 75 N. E. 627; *Fletcher, Cyclopedia of Corporations* (Perm. Ed.) vol. 15, sec. 7254. There is no reason to doubt the good faith of the appellees in the transactions and services with which this appeal is concerned.

The appellants cite *A. L. I., Restatement, Agency,* par. 469, to the effect that an agent's "willful and deliberate breach of his contract of service, disentitles him to compensation for even properly performed services for which no compensation is apportioned." In our judgment that principle does not apply to the facts of this case. The attitude of the committee in regard to its obligations under the terms of its employment by the original bondholders, and in view of its commitments to the purchasers of the property, which it had contracted to sell, could not fairly be characterized as a willful and deliberate breach of its duty. It is not justly chargeable with misconduct disentitling it to compensation, within the purview of 3 *C. J. S., Agency,* sec. 182, p. 77, n. 71, which the appellants also cite.

The opposition to an allowance of compensation to the committee is partly based upon the theory that, in consequence of its effort to have its reported sales ratified, the appellants incurred expenses in excess of any compensation to which the committee might reasonably have been entitled. All the circumstances were considered by the chancellor in his determination as to the proper amount of compensation to be allowed. The sum awarded was substantially less than that which the committee had requested. It was the expressed opinion of the chancellor that the committee's request was moderate in view of the duration and nature of the service performed, but

the allowance was reduced because of other expenses to which the available funds were subjected. The decision thus rendered is presumptively correct, and it will be affirmed, as we have found no sufficient reason to regard it as erroneous. *County Corporation v. Semmes*, 169 Md. 501, 182 A. 273; *O'Dunne v. Safe Dep. & Tr. Co.*, 133 Md. 91, 104 A. 262; *Terminal Freezing & Heating Co. v. Whitelock*, 120 Md. 408, 87 A. 820; *Miller's Equity Proc.*, p. 673, 674, note.

*Order affirmed, with costs.*